IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAY PATTERSON,

        Plaintiff,

        vs.                                             No. CIV 96-0953 JC/WWD

THE CARRIZOZO SCHOOL DISTRICT and
THE BOARD OF EDUCATION,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion for Summary Judgment filed June 26, 1997 (Docket No. 47). The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken in part and will be granted in part.

## Background

Plaintiff Kay Patterson ("Patterson") is suing Defendant Carrizozo Municipal School Board for unlawful employment discrimination pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1991. The underlying claim for discrimination is based on the following alleged actions of Defendants: 1) Superintendent Stowe forced Patterson to relinquish her volleyball coaching duties due to her disability caused by breast cancer in violation of the ADA; 2) Superintendents Bayless and Stowe failed to reasonably accommodate Patterson as

required by the ADA; and 3) Superintendents Bayless and Stowe created a hostile work environment resulting in Patterson's constructive discharge from her certified instructor position.

Defendants move for summary judgment on six grounds. First, Defendants maintain that Patterson has not satisfied the requirements for a prima facie case of unlawful employment discrimination because she does not qualify as a disabled individual. In the alternative, even if Patterson did establish a prima facie case, Defendants argue that they moved Patterson from the volleyball position for legitimate, non-discriminatory reasons. Specifically, Defendants allege that Patterson was removed from the volleyball coaching position because of the parents' perception that Patterson did not have the appropriate coaching style. Third, Defendants assert that Patterson's claims are barred by qualified immunity because she fails to assert a violation of a constitutional right. Fourth, even if she did have a claim at one time, Patterson failed to exhaust her administrative remedies. Fifth, Defendants maintain Patterson failed to state a claim that no reasonable accommodations were made. Finally, Defendants claim Patterson was not constructively discharged because she was not forced to quit, but rather changed her employment status voluntarily.

Patterson alleges that there are genuine issues of material fact that require this case to go forward. Specifically, she maintains that she was a disabled individual, qualified under the ADA, and that Defendants' stated reason for removing her from the volleyball coaching position was pretextual. Patterson also contends Defendants failed to reasonably accommodate her as required by the ADA. In addition, Patterson alleges that she was harassed because of her disability which ultimately forced her to quit the certified instructor position.

**Analysis**

A.  Standard for Summary Judgment

Summary judgment is appropriate if "there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 321-323 (1986).  Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In reviewing a summary judgment motion, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party." Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995).  "Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986)).  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 at 249-250 (citations omitted).

B.  Defendants' Motion to Strike Exhibits

As an initial matter, Patterson submits a letter to the EEOC by then Carrizozo School Board Chairman Jan Barham and a statement of Dr. Frye.  In a note not included in the body of her brief, Patterson acknowledges that these exhibits are not in sworn affidavit form as required by Fed. R. Civ. P. 56(e), but requests this Court consider them pursuant to Rule 56(f).  Defendants move to strike these exhibits and request the Court deny Patterson's request for Rule 56(f) consideration.

Federal Rule of Civil Procedure 56(f) allows the non-movant to seek deferral of a summary judgment ruling pending complete discovery.  Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1521 (10th Cir. 1992).  However, in order for the non-movant to obtain deferral pursuant to Rule 56(f), the non-movant must identify the "probable facts not available and what steps have been taken to identify these facts," and the non-movant must furnish an affidavit explaining "why facts precluding summary judgment cannot be presented."  Id. at 1522; see also DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993).

Patterson does not furnish an affidavit explaining why facts precluding summary judgment cannot be presented, nor does she identify the facts not available or demonstrate how she has tried to identify these facts.  Merely stating that counsel for Defendants filed a motion for protective order because Plaintiff's counsel allegedly engaged in ex parte communication with Ms. Barham is insufficient to comply with Rule 56(f).  Therefore, the Court will not consider them in its ruling. Defendants' motion to strike these two exhibits will be granted.

C.  ADA Discrimination Claim

In a Title I ADA case, the initial burden is on the plaintiff to present a prima facie case of discrimination.  See Williams v. Widnall, 79 F.3d 1003, 1005 & n.3 (citing McDonnell Douglas v.

Green, 411 U.S. 792, 802-804 (1973)). "This burden is satisfied by presenting a scenario that on its face suggests the defendant more likely than not discriminated against the plaintiff." Pitre v. Western Elec. Co., Inc., 843 F.2d 1262, 1265 (10th Cir. 1988). If this initial burden is satisfied, the defendant must then set forth nondiscriminatory justifications for its alleged discriminatory practice. Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Defendants can satisfy this burden by presenting legitimate, nondiscriminatory reasons for their action. Id. If the defendants satisfy their burden, the burden then shifts back to the plaintiff to present evidence of the pretextual nature of Defendants' articulated reason. Id.

To establish a prima facie case of discrimination in violation of the ADA in this case, Patterson must show that: 1) she is a disabled person within the meaning of the ADA, MacDonald v. Delta Air Lines, Inc., 94 F.3d 1437, 1443 (10th Cir. 1996); 2) she is qualified--that is, she is able to perform the essential functions of the volleyball coaching position with or without reasonable accommodations; and, 3) the Carrizozo School Board terminated her under circumstances which give rise to the inference that the termination was based on Patterson's disability. Morgan v. Hilti, 108 F.3d 1319, 1323 (10th Cir. 1997). "If the plaintiff succeeds in showing a prima facie case and presents evidence that the defendant's proffered reason for the employment decision was pretextual, i.e., unworthy of belief, the plaintiff can withstand a summary judgment motion and is entitled to go to trial." Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995).

1.  Disabled Person Within the Meaning of ADA

The ADA defines disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C)

being regarded as having such an impairment." 42 U.S.C. § 12102(2).  Patterson relies on subsection (C) in an effort to establish that she is disabled under the ADA.

Superintendent Stowe informed Patterson she would be reassigned to the grant writing position--a stress-free working environment--because Superintendent Stowe "knew how stress affected the recovery of cancer patients." (Plaintiff's Depo. at 45).  Cancer is a disability covered by the ADA, see U. S. House of Representatives Committee on Education and Labor, 101st Cong., Legislative History of the Americans with Disabilities Act, Pub. L. 101-336 (Comm. Print 1990) (stating that the term "physical or mental impairment" includes cancer), and Patterson's deposition establishes a genuine dispute about whether Superintendent Stowe regarded Patterson as having such an impairment.

### 2.  Qualified With or Without Accommodation

Patterson insists she was qualified to perform the essential functions of the volleyball position with little or no accommodation.  Defendants simply reference, without argument, Patterson's ADA accommodation plan--which purportedly restricts Patterson from lifting anything over 20 pounds, from pushing or pulling heavy equipment and from running or engaging in strenuous activity--to rebut Patterson's claim.  In addition, Defendants point out that the volleyball coach job description requires a coach to engage in the activities from which Patterson was restricted.

There is a material dispute about whether Patterson was qualified to perform the essential functions of the volleyball coaching position.  The ADA accommodation plan was not written until one month after Patterson purportedly agreed to accept the grant writing position.  There also is a dispute about who completed the relevant portions of the accommodation plan--Patterson's physician or Superintendent Stowe.  Since there is a dispute about whether Patterson required any

accommodation in the first instance, this Court will not grant summary judgment based on Defendants' alternative assertion that Patterson was reassigned to the grant writing position as an accommodation.

### 3.  Terminated Because of Disability

Defendants maintain that Patterson fails to establish this element of a prima facie case under the ADA because she was not terminated from any position.  Rather, the incremental "extracurricular" duties were reassigned and Patterson chose to resign her position as instructor.  Defendants also argue the volleyball coaching position is an at-will position and therefore, qualified immunity protects the School Board from liability for approving Patterson's transfer to the grant writing position.

Once the defendants raise the defense of qualified immunity, the plaintiff must demonstrate that the defendants violated clearly established law.  Hannulla v. City of Lakewood, 907 F.2d 129, 131 (10th Cir. 1990).  If the plaintiff demonstrates that the alleged conduct violated a clearly established right, the defendants then bear the normal burden of demonstrating that no material facts remain in dispute.  Id.

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  Patterson has a clearly established right not to be discriminated against in her job based on her disability, and a reasonable official would understand that adverse employment decisions based on an employee's disability would violate that right.  If Defendants moved Patterson to the grant writing position against her will

*because of* her disability, and Patterson indeed did not need any accommodation, it is irrelevant whether that position was at-will or tenured. Patterson testified in her deposition that Superintendent Stowe wanted to move her to the grant writing position because Stowe "knew how stress affected the recovery of cancer patients." This statement establishes a genuine issue about whether Defendants transferred Patterson based on her disability. Hence, summary judgment or dismissal based on qualified immunity would be inappropriate.

    4. Legitimate, Nondiscriminatory Purpose or Pretext

Defendant contends that Patterson was removed from the volleyball program because the parents were not satisfied with her coaching style. Plaintiff rebuts this argument by establishing that Superintendent Stowe told her that the transfer to the grant writing position was for her health. In light of the above discussion, Plaintiff has established a prima facie case of unlawful employment discrimination and has provided evidence that Defendants' alleged reasons are pretextual.

    5. Failure to Exhaust Administrative Remedies

Defendants rely on Patterson's alleged failure to exhaust her administrative remedies in a final effort to obtain summary judgment. Specifically, Defendants assert Patterson was required to appeal the Board's adverse employment decision to an arbitrator pursuant to NMSA 1978 § 22-10-14.1 and to utilize the internal grievance procedure of the Carrizozo School District.

The ADA requires that an aggrieved person must file a discrimination charge with the EEOC before commencing an action in federal court. See 42 U.S.C. § 12117(a) (1990) (incorporating Title VII procedures). Defendants do not argue that Patterson failed to exhaust her administrative remedies pursuant to the ADA. The procedures set forth in the NMSA 1978 § 22-10-14.1 for aggrieving a school board's termination decision are irrelevant if Defendants discriminated against

Patterson because of her disability. The relevant exhaustion requirement is set forth in the ADA, and Patterson properly followed that procedure. Thus, for all of the above reasons, Defendants' Motion for Summary Judgment as to Patterson's ADA discrimination claim and Defendants' Motion for Partial Dismissal based on qualified immunity shall be denied.

D.  ADA Failure to Accommodate Claim

Patterson postulates that Defendants failed to reasonably accommodate her as required by the ADA. However, Patterson acknowledges in her briefs that she never requested accommodation in her volleyball coaching position or her certified instructor position and contends that she was physically capable of performing the duties of those positions. When asked what accommodation requests were refused by the district, Patterson testified in her deposition that the custodians were not very helpful. Patterson's failure to accommodate claim cannot withstand summary judgment because no reasonable jury could find that Defendants failed to accommodate Patterson. Defendants' motion for summary judgment as to Patterson's "failure to accommodate" claim will be granted.

E.  Constructive Discharge Claim

In November, 1994, Patterson gave her notice of resignation from employment with the Carrizozo School District and asked to be released as soon as possible. Patterson argues that she was constructively discharged because the Superintendents' harassment due to her disability made her working conditions so difficult that a reasonable person could not be expected to continue working there.

An employee who is not formally discharged may still be constructively discharged if the employee was forced to quit due to intolerable working conditions. Bolden v. PRC, Inc., 43 F.3d 545, 552 (10th Cir. 1994) (citing Derr v Gulf Oil Corp., 796 F.2d 340 (10th Cir. 1986)). In order

to establish a prima facie case of constructive discharge in violation of federal law, Plaintiff must show that her employer, by its illegal discriminatory acts, has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign. Burks v. Oklahoma Pub. Co., 81 F.3d 975, 978 (10th Cir. 1996). Patterson's complaints about her work conditions are, as a matter of law, insufficient to meet this burden.

In support of her claim, Patterson alleges that Superintendent Bayless told her that he "knew exactly how to get rid of me." He allegedly also stated: ". . . if I had an application like yours in front of me right now, with this many days of absence, I would throw it in the trash, you would not even be considered for a job because of your absence due to your illness." (Plaintiff's Depo. at 31). Patterson also claims that Superintendent Stowe made her working conditions intolerable when she forced Patterson to resign from the volleyball coaching position due to her illness.

"[N]ot every unhappy employee has an actionable claim of constructive discharge." Bolden, 43 F.3d at 552. The alleged statements and actions of the Carrizozo Superintendents taken together are not so intolerable as to compel a reasonable person to resign. Thus, Defendants' motion for summary judgment will be granted as to Patterson's constructive discharge claim.

Wherefore,

IT IS HEREBY ORDERED that partial summary judgment will be entered as to Plaintiff's constructive discharge and Americans with Disabilities Act failure to accommodate claims.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment as to Plaintiff's Americans with Disabilities Act discrimination claim (filed June 26, 1997, Docket No. 47) and Defendants' Motion for Partial Dismissal (filed November 12, 1997, Docket No. 60) be, and hereby are, **denied**.

DATED this 8th day of December, 1997.

*/s/ John E. Conway*
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

>John R. Beauvais
>Ruidoso, New Mexico

Counsel for Defendant:

>Jacquelyn Archuleta-Staehlin
>Simons, Cuddy, & Friedman
>Santa Fe, New Mexico